
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10670 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00019-RCJ-WGC-1 |
| v. | |
| KENDRA DAVIDSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted December 6, 2013
San Francisco, California

Before: TROTT and MURGUIA, Circuit Judges, and EZRA, District Judge.[**]

Appellant Davidson pleaded guilty to Possession of Counterfeit Obligations

of the United States in violation of 18 U.S.C. § 472.  She reserved the right to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

appeal the denial of her motion to suppress evidence seized during the execution of a state search warrant for marijuana.

The sole issue in this timely appeal is whether or not after conducting a preliminary hearing the district court erred in denying appellant Davidson a formal hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Davidson bases her claim of error on the search warrant affiant's omission from his statement of probable cause the fact that her boyfriend held a valid medical marijuana card under Nevada law, a fact which she told the affiant before the warrant was procured. Under Nevada law, this card permitted Davidson's boyfriend to possess marijuana legally. We must decide whether the inclusion in the warrant's affidavit of this fact would have negated a finding of probable cause to search her residence. See United States v. Medina Casteneda, 511 F.3d 1246, 1250 (9th Cir. 2008) (no hearing was required because, even considering the omitted information, the warrant demonstrated probable cause to search the residence for drug activity); see also Franks, 438 U.S. at 171-72. We affirm.

# I

We review the district court's findings of historical facts for clear error, and we review de novo the court's denial of a Franks hearing. United States v. Jordan, 291 F.3d 1091, 1099 (9th Cir. 2002). The question of whether or not any

omissions were material is a mixed question of law and fact which we review <u>de novo</u>. <u>United States v. Elliott</u>, 322 F.3d 710, 714 (9th Cir. 2003).

**II**

The search warrant at issue was for marijuana allegedly possessed by Davidson in her house and car in violation of Nevada Revised Statute 453.336. The nucleus of facts on which the government relies for probable cause to believe she possessed marijuana as alleged in the warrant began with a "tip" from an informant that Davidson was selling marijuana from her residence, which the informant identified by its address. The affiant then encountered Davidson at that residence driving a Volkswagen Jetta bearing licence plates and registration belonging to another car. She acknowledged the "fictitious" nature of the plates and registration. According to the affidavit, when asked about marijuana, "she admitted to having marijuana both in her vehicle and in her residence . . . ."

During the court's hearing, the court also considered the affiant's police report, which Davidson offered in support of her motion. In his police report, the affiant stated that "[w]hen asked, DAVIDSON admitted to possessing 1/8 ounce Marijuana in her vehicle. DAVIDSON also admitted to possessing a small amount of Marijuana in her residence." The affiant reported that he asked her if she also was a marijuana patient, and she said "no."

## III

The district court concluded on the basis of its findings of facts that Davidson's boyfriend's legal medical marijuana card was not material because "Davidson herself admitted that <u>she</u> had marijuana in the car and in her residence." (Emphasis in original). Thus, "even if [the affiant] had stated that Defendant's boyfriend had a medical marijuana card, [Davidson] herself admitted to [Detective Charles] Bluth that she possessed the marijuana." Moreover, she denied having a valid medical card permitting her to possess it. The district court's findings are fully supported by the evidentiary record.

> In applying [the clear error] standard, we, like any reviewing court, will not reverse a lower court's finding of fact simply because we 'would have decided the case differently.' Rather, a reviewing court must ask whether, 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'

<u>Easley v. Cromartie</u>, 532 U.S. 234, 242 (2001) (citation omitted). This "clearly erroneous" standard derives from Federal Rule of Civil Procedure 52(a)(6), which provides that "findings of fact [in an action tried without a jury] must not be set aside unless clearly erroneous . . . ." <u>See</u> <u>Sawyer v. Whitley</u>, 505 U.S. 333, 346 n.14 (1992).

Davidson did not say they possessed the marijuana or anything to that effect. She did not say her boyfriend possessed the marijuana. The district court found as a fact that she said "she" did. During the hearing she did not submit any evidence to the district court that contradicted the affiant's recitation of her statement to him. The court heard and considered -- but rejected -- her factual argument that her admissions should have been interpreted by the affiant to mean only that marijuana was in the house, not that it was hers. The court rejected counsel's fact-based argument that what Davidson said suggested only that she was in constructive possession of, or in the presence or vicinity of, marijuana possessed by a registered user. Moreover, during the hearing, Davidson's counsel conceded that her client had marijuana in her car, and that there was probable cause to search it. As the court mused, that admitted possession itself confirmed inculpatory information from the informant that she personally possessed marijuana; and if her admission and the information from the informant concededly created probable cause to search the car, we fail to see how, when considered with the rest of the information, it did not create sufficient probable cause also to search the house.

As the district court correctly said,

> Basically what the Nevada law does is it protects the person who has the medical card. If another person is

found in the presence of it, it, of course, protects them as well but not if they're in possession of it.

If they are in possession of marijuana, the medical card does nothing under Nevada law to protect them from prosecution.

In summary, because Davidson said she possessed marijuana, her boyfriend's card was not material. This being the case, no formal <u>Franks</u> hearing was required.

**AFFIRMED.**